Fannie CHALMERS; Omega Parraway, as Guardian Ad Litem for pltf. Fannie Chalmers,

v.

Donna SHALALA, Secretary of Health and Human Services.

Fannie Chalmers, Appellant.

No. 93–5351.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 18, 1994.

Decided Jan. 24, 1994.

Stuart H. Weiner Disability Law Clinic/Community Health Law Project, Seton Hall Law School, Newark, NJ, for appellant.

Michael Chertoff, U.S. Atty., Susan J. Steele, Sp. Asst. U.S. Atty., Newark, NJ, for appellee.

Before: SLOVITER, Chief Judge, SCIRICA and LEWIS, Circuit Judges.

### OPINION OF THE COURT

SLOVITER, Chief Judge.

#### I.

This is an appeal from an order of the district court affirming a decision of the Secretary of Health and Human Services to terminate the Supplemental Security Income (SSI) benefits that appellant Fannie Chalmers had been receiving since April, 1978. Because Chalmers is schizophrenic, she has been unable to care for herself and lives with her sister. In September, 1980, Chalmers's father died intestate, and she and her three siblings jointly inherited four houses on contiguous parcels of land in Eden, North Carolina, appraised at $47,000, which were encumbered by a lien in the amount of $23,000.[1] They also inherited a 7.5 acre parcel of unimproved land in a different county in North Carolina worth $3,000.

Chalmers's three siblings desire to keep the Eden properties because they wish to retire there ultimately. Chalmers's brief contends that because of her illness it is impossible to ascribe to her any intentions with respect to the property. At the suggestion of their North Carolina counsel, Chalmers and her siblings formed a partnership, C & P Land Company, to manage the properties and pay the mortgage from the rents collected. In order not to trigger the outstanding debt, they did not change the title to the properties which is in the name of Chalmers's father.

Each of the four siblings, including Chalmers, signed an agreement conveying his or

---

1. The Administrative Law Judge and the Appeals Council refer to the value as $49,000. The difference is not significant for our purpose. The estate also contained personal property but it was "of nominal value." R. at 32.

her one-quarter equitable interest in the properties to the partnership in return for a legal interest in the partnership. The agreement provides that all four partners will share equally in the profits and losses and, significant for the issue on appeal, that the partnership may be dissolved at any time by any of the partners, which shall result in the liquidation of the partnership.

C & P Land Company depreciates the rental properties for income tax purposes, and, pursuant to the partnership agreement, these deductions are allocated to each partner. A 1981 letter from the attorney to Chalmers's sister states: "I doubt ... that you will receive much as income from the property. The major advantage to you will be the depreciation for tax purposes. The property is a tax shelter for you." R. at 99.

## II.

Subchapter XVI of the Social Security Act provides for payments to disabled persons of limited income and resources, subject to certain eligibility requirements. *Cannuni v. Schweiker*, 740 F.2d 260, 263 (3d Cir.1984) (citing 42 U.S.C. § 1382b(a)). The limit applicable to Chalmers's resources is $2,000. 42 U.S.C. § 1382(a)(3)(B) (1988). The statute does not define "resources," but the Secretary has promulgated regulations providing that:

(a) *Resources; defined.* For purposes of this subpart L, resources means cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance.

(1) If the individual has the *right, authority or power* to liquidate the property or his or her share of the property, it is considered a resource. If a property right cannot be liquidated, the property will not be considered a resource of the individual (or spouse).

*　　*　　*　　*　　*　　*

(b) *Liquid resources.* Liquid resources are cash or other property which can be converted to cash within 20 days....

(c) *Nonliquid resources.* (1) Nonliquid resources are property which is not cash and which cannot be converted to cash within 20 days.... Examples of resources that are ordinarily nonliquid are ... buildings and land.

20 C.F.R. § 416.1201(a)-(c) (1993) (emphasis added).

Chalmers was notified by the Secretary in November 1989 that her SSI benefits were being terminated because she owned resources in excess of the limit of $2,000, i.e., the property she had inherited from her father. Chalmers requested a hearing and the matter came before an administrative law judge (ALJ). The ALJ found that Chalmers's interest in the property was not a resource because she was not its sole owner and therefore could not convert the property to cash for her own support and maintenance. However, the ALJ held that Chalmers's interest in the C & P partnership was a resource because she had the power to dispose of her interest in the partnership. On review, the Appeals Council concluded that Chalmers "has not shown that the power to partition is forfeited based on the mental capacity to exercise the right to partition. Therefore the claimant's share of the land or partnership is countable." R. at 9.

Chalmers filed an action in district court for review of the Secretary's decision. The court held that Chalmers's interest in the C & P partnership was a resource under the regulations because she had the legal right to liquidate it. The district court did not reach the question whether Chalmer's equitable interest in the property was a resource, although it said that "it would appear that [it], too, is a 'nonliquid resource' under the Secretary's regulation." *Chalmers v. Sullivan*, 818 F.Supp. 98, 102–103 (D.N.J.1993). Chalmers appeals.

■ We accord considerable deference to the Secretary's interpretation of the SSI statute and its regulations. *Beatty v. Schweiker*, 678 F.2d 359, 360 (3d Cir.1982). "Indeed, we will uphold the Secretary's interpretation of the regulations 'unless it is plainly erroneous or inconsistent with the regulation[s].'" *Id.* (quoting *Bowles v. Seminole*

*Rock & Sand Co.*, 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945)).

■ Chalmers concedes on appeal, as indeed she must under the facts, that: "She had the right to terminate the partnership, C & P Land Company. She could have legally sold or otherwise conveyed her ¼ interest in the real estate, subject to the rights of her siblings, as cotenants. She even had the legal right to bring an action to partition the property as suggested by the Social Security Appeals Council." Appellant's Brief at 15–16.

She argues, however, that although she has the "right" to liquidate her interests, her disability renders her without the requisite "power" to do so. Appellant's Brief at 8. This argument misconstrues the meaning of the word "power" as used in the regulations. It means not only "a mental or physical ability or aptitude," as Chalmers argues, but also "legal authority," as the Secretary implicitly uses the word. *See Webster's Third New International Dictionary* 1778–79 (1964). We do not believe that the word "power" was used in the regulations as limited to "mental or physical ability." Moreover, it is likely that many disabled individuals receiving SSI benefits lack the mental or physical ability to manage their own resources, and such an interpretation would render the provision meaningless. Thus, we cannot say that the Secretary's interpretation of "power" as "legal authority" is plainly erroneous, for it is indeed the more sensible construction.

Chalmers argues further that we should interpret the regulatory language "right, authority *or* power" in the conjunctive instead of the disjunctive. We see no basis to construe the disjunctive "or" in any way other than its plain meaning, *see Herron v. Heckler*, 576 F.Supp. 218, 222–23 n. 2 (N.D.Cal. 1983) (declining to construe "and" as "or" in other SSI regulations), which is the construc-

tion adopted by HHS. The cases relied upon by appellant's counsel are simply inapposite.[2]

■ We turn next to the question whether Chalmers's interest in the property is a resource for SSI purposes. The principal definition section of the regulation explicitly states that "resources means ... real ... property." 20 C.F.R. § 416.1201(a) (1993). Similarly, 20 C.F.R. § 416.1201(a)(1) also refers to property, providing that "[i]f the individual has the right, authority or power to liquidate the property, or his share of the property," it is defined as a resource. Chalmers concedes that she can sell "her ¼ interest in the real estate" and can also "bring an action to partition the property." We therefore conclude that the fact that Chalmers had the legal right to liquidate her interest in the inherited property qualifies it as a resource under the Secretary's regulations.[3]

In essence Chalmers argues that it is not "sensible" or "advantageous" to partition the property because lawyers' fees and costs will consume its net worth. Although that is not an unreasonable position, it is not one that finds support in the regulation. Thus, we are not free to read into the statute or the regulation a requirement that is not there.

Our conclusion is buttressed by legislative history regarding the definition of resources. The House Report to the Social Security Act provides that:

> Property not used in the operations of a trade or business and which does not provide a reasonable return should clearly be included as resources. Assets such as buildings or land not used as the individual's abode (which is excluded as described above) which are not readily convertible to cash must be disposed of within a time limit prescribed by the Secretary of Health, Education, and Welfare.

H.R.Rep. No. 231, 92nd Cong., 2d Sess., *reprinted in* 1972 U.S.C.C.A.N. 4989, 5140.

---

**2.** For example, in *De Sylva v. Ballentine*, 351 U.S. 570, 573–74, 76 S.Ct. 974, 976, 100 L.Ed. 1415 (1956), the Court read the "or" in the conjunctive, but the statute in question, the 1909 Copyright Act, was "hardly unambiguous" and the legislative history of the statute suggested that the use of "or" may have been a matter of "careless usage."

**3.** Also, the definition of nonliquid resources explicitly refers to "property" and, as the district court noted, offers "buildings and land" as examples of such resources. 20 C.F.R. § 416.1201(c) (1993). *See Chalmers*, 818 F.Supp. at 102.

We find this history dispositive. The property at issue is not used in the operations of a trade or business or as the individual's abode, and it does not provide a reasonable return. On the contrary, its "major advantage" is "as a tax shelter." R. at 99. Congress clearly intended that such "buildings or land" "must be disposed of" if they were "not readily convertible to cash."

Although we are sympathetic to Chalmers's disability, the record does not establish unequivocally that she cannot effectuate her legal rights. An affidavit filed by her psychiatrist states that it would be "impossible for Ms. Chalmers to retain one attorney and participate in and discuss legal matters," R. at 246, but it is also a matter of record that Chalmers has been represented by an attorney at each stage of these proceedings and that she signed the partnership agreement to form the C & P Land Company.

Finally, Chalmers's reliance on *Cannuni v. Schweiker*, 740 F.2d at 264, is misplaced. In *Cannuni*, we were asked whether a multiple-party bank account and certificates of deposit were resources sufficient to disqualify a disabled son for SSI benefits. Because we determined that the claimant did not have the legal right to withdraw the funds for his own support, we held that the property could not be considered resources for SSI purposes. Unlike the claimant in *Cannuni*, Chalmers has the right to liquidate her interest in order to apply the proceeds toward her support. While we recognize the difficulty she may have in exercising her rights, we cannot accept her argument that she need not do so because "there are many situations in which the exercise of all of one's legal rights is not the most sensible and advantageous course." Appellant's Brief at 16.

For all of the foregoing reasons, the order of the district court will be affirmed.