**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0127-18T4

M.A.,

     Petitioner-Appellant,

v.

DIVISION OF MEDICAL
ASSISTANCE AND HEALTH
SERVICES and HUDSON
COUNTY BOARD OF
SOCIAL SERVICES,

     Respondents-Respondents.

_____

> Argued August 1, 2019 – Decided August 8, 2019
>
> Before Judges Whipple and Firko.
>
> On appeal from the New Jersey Department of Human Services, Division of Medical Assistance and Health Services.
>
> Andrew M. Epstein argued the cause for appellant (Wilson Elser Moskowitz Edelman & Dicker, LLP, attorneys; Andrew M. Epstein, on the brief).
>
> Jacqueline R. D'Alessandro, Deputy Attorney General, argued the cause for respondent Division of Medical

Assistance and Health Services (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Jacqueline R. D'Alessandro, on the brief).

PER CURIAM

Petitioner M.A. appeals from the final agency decision of respondent Division of Medical Assistance and Health Services (Division) finding her ineligible for continued Medicaid benefits.  We affirm.

The record in this case reveals petitioner is eighty-nine years old, suffers from dementia, syncope, type two diabetes, hypertension, and weakness.  On February 6, 2018, petitioner was notified by the Hudson County Department of Family Services (CWA) that her Medicaid benefits would be terminated as of February 28, 2018, because of excess resources, specifically a joint bank account owned with her daughter, M.A.[1]  The bank account had a balance of $57,512.05 at the time of the denial.  Petitioner requested a fair hearing and the matter was transferred to the Office of Administrative Law (OAL) as a contested case.  By consent, the parties submitted an agreed upon stipulation of facts for consideration by the Administrative Law Judge (ALJ).  The ALJ memorialized the stipulated facts as follows:

---

[1] Petitioner and her daughter are both named M.A.

1. Petitioner, M.A. is the mother of M.A. (Daughter).

2. On August 4, 1998, petitioner and her daughter opened a bank account at Hudson United Bank, which is now TD Bank. The account number is 41XXX1XX.

3. Daughter contributed all of the funds that are in the bank account.

4. While the daughter and petitioner may each technically have a legal right to independently withdraw funds from the bank account, Petitioner has never made a deposit into the bank account, nor has she ever withdrawn funds from the bank account.

5. Petitioner has been diagnosed with dementia, syncope, type [two] diabetes, hypertension, dysphagia and weakness by her doctor, Marc Goldstein D.O. Petitioner has had these conditions for at least ten years.

6. Petitioner and her daughter live together in one apartment in a three-apartment house.

7. Petitioner is incapable of leaving the house without someone accompanying and assisting her, and is incapable of traveling to TD Bank on her own.

8. There is no guardian appointed for petitioner. No one holds a power[-]of[-]attorney for her. There is no third party that can access the bank account for petitioner.

The ALJ issued an initial decision affirming the denial of petitioner's Medicaid eligibility, finding the subject account was a countable resource, and "if the applicant has unrestricted access to the account, which [petitioner] did, it

is a countable resource." The ALJ further explained the Multiple-Party Deposit Act defines ownership "on the contributions to the account[,]" N.J.S.A. 17:16I-4(a), which is not dispositive under the Medicaid regulations. Here, the bank account was an "or" account between mother M.A. and daughter M.A., and the ALJ found that petitioner had "full access" to withdraw money.

Further, the ALJ determined that N.J.A.C. 10:72-4.5(b) provides that an aged, blind, or disabled beneficiary's resources may not exceed $4000 for an individual. The Division's final agency decision adopted the ALJ's initial decision. The Director further explained that the $57,512.05 account balance "exceeds the resource standard of $4000 for an individual and $6000 for a couple" and "[p]etitioner had unrestricted access to the joint bank account she held with her daughter, and therefore, was properly denied Medicaid eligibility."

This appeal followed. Petitioner argues that because her daughter contributed all of the funds to the account, the account is an "or" account, not an "and" account, petitioner has never drawn on the account and is incapable of accessing the account due to her physical and mental infirmities, and the determination of her Medicaid ineligibility was arbitrary, capricious, and unreasonable.

4

Appellate review of the Division's final agency action is limited. K.K. v. Div. of Med. Assistance & Health Servs., 453 N.J. Super. 157, 160 (App. Div. 2018). We "defer to the specialized or technical expertise of the agency charged with administration of a regulatory system." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008). "[A]n appellate court ordinarily should not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." Ibid.

A presumption of validity attaches to the agency's decision. See Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). The party challenging the validity of an agency's decision has the burden of showing that it was arbitrary, capricious, or unreasonable. J.B. v. N.J. State Parole Bd., 444 N.J. Super. 115, 149 (App. Div. 2016) (quoting Aqua Beach Condo. Ass'n v. Dep't of Cmty. Affairs, 189 N.J. 5, 15-16 (2006)). "Deference to an agency decision is particularly appropriate where interpretation of the Agency's own regulation is in issue." I.L. v. Div. of Med. Assistance & Health Servs., 389 N.J. Super. 354, 364 (App. Div. 2006). However, "an appellate court is 'in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue.'" R.S. v.

Div. of Med. Assistance & Health Servs., 434 N.J. Super. 250, 261 (App. Div. 2014) (quoting Mayflower Sec. Co. v. Bureau of Sec. in Div. of Consumer Affairs of Dep't of Law & Pub. Safety, 64 N.J. 85, 93 (1973)).

Medicaid is a federally-created, state-implemented program that provides "medical assistance to the poor at the expense of the public." Estate of DeMartino v. Div. of Med. Assistance & Health Servs., 373 N.J. Super. 210, 217 (App. Div. 2004) (quoting Mistrick v. Div. of Med. Assistance & Health Servs., 154 N.J. 158, 165 (1998)); see also 42 U.S.C.A. § 1396-1. Although a state is not required to participate, once it has been accepted into the Medicaid program it must comply with the Medicaid statutes and federal regulations. See Harris v. McRae, 448 U.S. 297, 301 (1980); United Hosps. Med. Ctr. v. State, 349 N.J. Super. 1, 4 (App. Div. 2002); see also 42 U.S.C. § 1396a(a) and (b). The state must adopt "'reasonable standards . . . for determining eligibility for . . . medical assistance . . . [that are] consistent with the objectives' of the Medicaid program[,]" Mistrick, 154 N.J. at 166 (first alteration in original) (quoting L.M. v. Div. of Med. Assistance & Health Servs., 140 N.J. 480, 484 (1995)), and "provide for taking into account only such income and resources as are . . . available to the applicant." N.M. v. Div. of Med. Assistance & Health Servs., 405 N.J. Super. 353, 359 (App. Div. 2009) (quoting Wis. Dep't of Health

A-0127-18T4

& Family Servs. v. Blumer, 534 U.S. 473, 479 (2002)); see also 42 U.S.C. § 1396a(a)(17)(A)-(B).

New Jersey participates in the federal Medicaid program pursuant to the New Jersey Medical Assistance and Health Services Act, N.J.S.A. 30:4D-1 to -19.5. Eligibility for Medicaid in New Jersey is governed by regulations adopted in accordance with the authority granted by N.J.S.A. 30:4D-7 to the Commissioner of the Department of Human Services (DHS). The Division is the agency within the DHS that administers the Medicaid program. N.J.S.A. 30:4D-5, -7; N.J.A.C. 10:49-1.1. Accordingly, the Division is responsible for protecting the interests of the New Jersey Medicaid Program and its beneficiaries. N.J.A.C. 10:49-11.1(b).

Petitioner argues that she cannot leave her apartment without assistance, no one has been appointed power-of-attorney for her, and she is incapable of conducting a bank transaction thereby making the subject bank account an excludable resource. We disagree.

N.J.A.C. 10:71-4.1(d)(2) provides:

> When a savings or checking account is held by the eligible individual with other parties, all funds in the account are resources to the individual, so long as he or she has unrestricted access to the funds (that is, an "or" account) regardless of their source. When the individual's access to the account is restricted (that is,

an "and" account), the [county welfare agency] shall consider a pro rata share of the account toward the appropriate resource maximum, unless the client and the other owner demonstrate that actual ownership of the funds is in a different proportion. If it can be demonstrated that the funds are totally inaccessible to the client, such funds shall not be counted toward the resource maximum. Any question concerning access to funds should be verified through the financial institution holding the account.

We agree with the Division's conclusion that petitioner had unrestricted access to the joint account owned with her daughter as defined by N.J.A.C. 10:71-4.1(d)(2), and we are not persuaded by her physical and mental incapacity to access the account because the test is whether she has the "power" and legal authority to do so. See Chalmers v. Shalala, 23 F.3d 752, 755 (3d Cir. 1994).

Applying the governing standards of review and legal principles we conclude the Director's findings are supported by sufficient credible evidence in the record, and that the final agency decision was not arbitrary, capricious, or unreasonable. On the contrary, the final agency decision sustaining the denial of petitioner's continued Medicaid eligibility was appropriate.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0127-18T4